UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DEVINDER SINGH,

Petitioner,

v.

ACTING FIELD OFFICE DIRECTOR OF THE SAN FRANCISCO FIELD OFFICE, *et al.*,

Respondents.

Case No. 1:26-cv-03976-NW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF No. 1

This habeas action concerns the detention of Petitioner Devinder Singh, a noncitizen who has lived in the United States since September 24, 2022. Based on the Government's new interpretation of 8 U.S.C. § 1225(b) as mandating detention for all noncitizens present in the United States without admission, Petitioner was detained without any finding of changed circumstances demonstrating that he was a flight risk or danger to the community. This matter is before the Court on Petitioner's writ of habeas corpus. *See* ECF No. 1. For the reasons explained below, the Court GRANTS the petition.

## I. BACKGROUND

Petitioner entered the United States on or around September 24, 2022, near Ajo, Arizona and was immediately arrested by U.S. Customs and Border Patrol ("CBP"). ECF No. at 5. That same day, Petitioner was issued a Notice to Appear ("NTA") and informed that he would be held in custody pending his removal proceedings. *Id.* Petitioner was held in DHS custody until October 31, 2022, but was released on a $12,000 bond by an Immigration Judge pursuant to 8 C.F.R. § 1236. *Id.* at 14.

Since that time, Petitioner has resided in the United States continuously, worked to support

himself and his family, and applied for asylum. ECF No. 1 ¶¶ 17, 19. He claims to have no criminal record and has complied with all the terms of his release—facts which Respondents do not dispute in their response to the petition. *Id.* ¶ 22. Before his re-detention, Petitioner was working as a truck driver pursuant to a valid work authorization issued by USCIS. *Id.* ¶¶ 19, 49.

On March 25, 2026, Petitioner was re-arrested during a routine commercial truck inspection. *Id.* ¶ 19. Petitioner did not receive any notice specifying why he was re-detained, such as an individualized explanation of changed circumstances or alleged violations of the conditions of his release on bond. *Id.* ¶ 47.

Petitioner filed the instant petition for writ of habeas corpus on May 26, 2026, advancing two claims: (1) Petitioner's re-detention violates procedural due process because he was re-detained without any re-assessment of changed circumstances justifying his arrest (*id.* ECF No. 1 ¶¶ 43–54), and (2) Petitioner's re-detention violates the Immigration and Nationality Act (*id.* ¶¶55–59). In Respondents' two-page opposition, the Government relies entirely on its new interpretation of 8 U.S.C.§ 1225(b) as mandating Petitioner's detention, a position Petitioner disputes. *See* ECF No. 9 at 1.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

United States District Court
Eastern District of California

## III. DISCUSSION

Petitioner asserts two claims for relief, including that his detention violates the INA (count 2) and the due process clause of the Fifth Amendment (count 1). Because Petitioner's procedural due process claim affords Petitioner all the relief to which he is entitled—namely, release and a pre-deprivation hearing prior to re-detention—the Court need not and does not reach Petitioner's other remaining claims for relief.

Respondents maintain that detention is proper under 8 U.S.C. § 1225(b). ECF No. 9 at 1. This argument has been widely rejected with respect to noncitizens who are re-detained after being released by the Government on bond pursuant to 8 U.S.C. § 1226(a) and its implementing regulation at 8 C.F.R. § 1236.1(d), as was the case with Petitioner here. An "initial decision to pursue petitioner's detention under § 1226(a) precludes the government from later 'switch[ing] tracks' to subject him to mandatory detention under § 1225(b)(2)." *Gutierrez v. Chesnut*, No. 1:25-cv-1515 DAD AC (HC), 2025 WL 3514495, at *5 (E.D. Cal. Dec. 8, 2025) (collecting cases); *see also J.C.E.P. v. Wofford*, No. 1:25-cv-01559-EFB (HC), 2026 WL 809865, at *6 (E.D. Cal. March 24, 2026) (explaining that "[t]he statutory scheme, taken as an entirety, makes it "not possible for [petitioner] to be simultaneously subject to both detention regimes"). Section § 1225(b) is therefore not a lawful basis for Petitioner's detention.

As Respondents have articulated no other statutory basis justifying Petitioner's detention, the Court next turns to his due process claim. Petitioner's constitutional challenge is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (*citing Kentucky Dep't. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

The Court finds that Petitioner obtained a liberty interest in his continued freedom after he was released by CBP in 2022. "A protected liberty interest may arise from a conditional release from physical restraint." *D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302, at *5 (E.D. Cal. Jan. 12, 2026) (citing *Young v. Harper*, 520 U.S. 143, 147–49 (1997)). As such,

courts throughout this circuit have found that non-citizens previously released by the government pursuant to 8 U.S.C. § 1226(a) have a protected liberty interest in their release. *See, e.g.*, *Oliveros v. Kaiser*, No. 25-CV-07117-BLF, 2026 WL 1162724, at *4 (N.D. Cal. Apr. 29, 2026); *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("Just as people on preparole, parole, and probation status have a liberty interest, so too does [the noncitizen] have a liberty interest in remaining out of custody on bond."); *Pinchi v. Noem*, 792 F.Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("[E]ven when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody."); *He v. Lyons*, No. 25-cv-10639-JSC, 2026 WL 280074, at *3 (N.D. Cal. Feb. 3, 2026) ("Courts throughout the Ninth Circuit have concluded individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody on bond."); *Guillermo M. R. v. Kaiser*, No. 25-CV-05436-RFL, 2025 WL 1983677, at *4 (N.D. Cal. July 17, 2025) (recognizing that "the liberty interest that arises upon release [from immigration detention] is *inherent* in the Due Process Clause"); *Ortega v. Kaiser*, No. 25-cv-05259-JST, 2025 WL 1771438, at *3 (N.D. Cal. June 26, 2025) (collecting cases finding that noncitizens who have been released have a strong liberty interest). Petitioner likewise has a protected liberty interest in his continued freedom following his release on bond.

Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context where a noncitizen possesses a protected liberty interest in his continued release. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first *Mathews* factor, the Court finds that Petitioner has a substantial private interest in remaining out of immigration custody because he has been released pending civil

removal proceedings for almost four years. "[A] person who is in fact free of physical confinement—even if that freedom is lawfully revocable—has a liberty interest that entitles [him] to constitutional due process before [he] is re-incarcerated." *Hurd v. D.C., Gov't*, 864 F.3d 671, 683 (D.C. Cir. 2017). In the intervening years Petitioner has developed ties in his community working and supporting his family. "[His] detention denies [him] that freedom." *Omer G.G. v. Kaiser*, 815 F. Supp. 3d 1098, 1111 (E.D. Cal. 2025).

Turning to the second factor, "the risk of an erroneous deprivation [of liberty] is high" when, as here, "[the petitioner] has not received any bond or custody redetermination hearing." *A.E. v. Andrews*, No. 1:25-cv-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is justified when a noncitizen presents a risk of flight or danger to the community. *See Zadvydas*, 533 U.S. at 690; *Padilla v. U.S. Immigr. & Customs Env't*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023). Petitioner's initial release from custody, "at least implicitly," "reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Sun v. Santacruz*, No. 5:25-cv-02198-JLS-JC, 2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025) (citation omitted). The record before the Court indicates that there was no independent finding of changed circumstances by a neutral arbiter before Petitioner was re-detained. In fact, Petitioner maintains that he has a clean criminal record—a fact Respondents do not dispute. ECF No. 1 ¶ 22. As there have been no procedural safeguards to determine if Petitioner's re-detention is justified, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high." *A.E.*, 2025 WL 1424382, at *5.

The final *Mathews* factor also weighs in Petitioner's favor. Although the Government has a strong interest in enforcing the immigration laws, its' interest in detaining Petitioner without a hearing is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–95 (E.D. Cal. 2025). In immigration court, custody hearings are routine and impose a "minimal" cost. *Doe*, 787 F. Supp. 3d at 1094. "If the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so," but it must provide Petitioner with a hearing first. *Ortega*, 415 F. Supp. 3d at 970.

Because Respondents failed to make any showing of changed circumstances before re-detaining Petitioner, he is entitled to release.

**IV. CONCLUSION AND ORDER**

For the reasons stated above, the Petition is GRANTED. IT IS HEREBY ORDERED that:

1. Respondents immediately release Petitioner Devinder Singh from their custody.

2. Respondents shall not impose any additional restrictions on Petitioner, unless they are determined to be necessary at a future pre-deprivation and/or custody hearing.

3. If the Government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

4. The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: July 15, 2026

Noël Wise
United States District Judge